## Durrett v. Rider's Administratrix.

(Decided May 6, 1927.)

### Appeal from Rockcastle Circuit Court.

1. Limitation of Actions.—Running of statute of limitations was not stopped by issuance of summons against resident of another county, but only by its service on him.

2. Limitation of Actions.—In an action on a contract made more than five years before service of summons on defendant, instructions requiring jury to find that contract was in writing before they could find for plaintiff held proper, in view of Ky. Stats., section 2515.

3. Limitation of Actions.—In action on contract, evidence held to sustain verdict that contract was in writing, thus making 15-year limitation period, under Ky. Stats., section 2514, applicable.

4. Witnesses.—In an action on contract, testimony concerning transactions with person now dead held properly excluded under Civil Code of Practice, section 606.

C. C. WILLIAMS for appellant.

B. J. BETHURUM for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The Durrett Construction Company, a corporation in which appellant, R. T. Durrett, was interested, was engaged in 1917 in constructing a portion of the Dixie

Highway in Rockcastle county under a subcontract with J. W. Rider.

On April 11, 1922, J. W. Rider instituted this action in the Rockcastle circuit court, in which he sought to recover judgment against the appellant, R. T. Durrett, in the sum of $1,000.00, which he claimed represented a loan of money made by him to Durrett on June 11, 1917. In an amended petition he alleged that on June 11, 1917, he received a letter from Durrett, who was in Louisville, authorizing him to borrow $1,000.00 from the bank of Mt. Vernon for the purpose of enabling the Durrett Construction Company to meet its pay roll, and in which letter Durrett agreed to make good the amount borrowed by Rider.

A summons was issued on May 12, 1922, and served on Durrett while he was passing through Rockcastle county on a passenger train on July 11, 1922, Durrett at the time being a resident of Jefferson county, Ky.

Appellant relies on the 5-year statute of limitations (Ky. Stats., section 2515), as a bar to any recovery, since more than five years elapsed between the time of the creation of the alleged debt and the service of the summons upon him. Durrett being a nonresident of Rockcastle county, the running of the statute was not stopped by the issuance of the summons, but only by its service upon him, but, the action being based on an alleged written contract, the 15 and not the 5-year statute of limitations (Ky. Stats., section 2514) applied, if the contract was in fact in writing. Under the instructions the jury were required to find that the contract was in writing before they could find for plaintiff.

Before the case was tried, the plaintiff, J. W. Rider, died, and it was revived in the name of his administratrix. Upon the trial of the case the administratrix, who was the widow of J. W. Rider, testified that she had made a thorough search for the letter her husband had claimed he received from Durrett on June 11, 1917, but had been unable to find it, and the letter was never produced. W. L. Richards, who was the cashier of the bank of Mt. Vernon when the alleged transaction occurred, testified that he was acquainted with the handwriting of Durrett, and that on June 11, 1917, J. W. Rider showed him a letter signed by Durrett, in which Durrett requested Rider to procure as much as $1,000.00, and make the pay roll of the Durrett Construction Company, and that he would make it good when he saw Rider. The wit-

ness had seen the signature of Durrett on the latter's personal checks that had passed through the bank, and he further testified that the signature of Durrett to the answer filed in the case was in the same handwriting as the letter. Rider borrowed $1,000.00 from the bank of Mt. Vernon on June 11, 1917. There was evidence tending to show that this money was used to meet the pay roll of the Durrett Construction Company.

The appellant complains that he was not permitted to testify as to whether he wrote the letter in question and as to whether J. W. Rider paid any pay rolls for him during the year 1917, and also as to a conversation had with Rider in Louisville. The offered testimony was clearly concerning transactions with the dead person, and inadmissible under section 606 of the Code, and the objection to it was properly sustained by the trial court.

The instructions aptly and correctly submitted the issues to the jury, and, there being sufficient evidence to sustain the verdict, the judgment is affirmed.